

FILED
MAY 21 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Teresa Hayes, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Transamerica Premier Life Insurance Company, and Monumental Life Insurance Company<br><br>Defendants. | CIVIL ACTION NO. 3:15CV313 |

## COMPLAINT

Plaintiff Teresa Hayes ("Hayes" or "Plaintiff") respectfully moves for judgment against Transamerica Premier Life Insurance Company ("Transamerica") and Monumental Life Insurance Company ("Monumental"), (collectively "Defendant"), on behalf of herself and all others similarly situated:

### Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"). Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendant's FLSA violations for herself and others similarly situated.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. Plaintiff is a resident of Virginia who was formerly employed by Defendant as an Agency Coordinator. Plaintiff was an "employee" as defined in the FLSA.

6. Transamerica is a corporation that does business in Chesterfield, Virginia. Transamerica meets the definition of "employer" as defined in the FLSA.

7. Upon information and belief, Monumental is the former name of Transamerica which was used prior 2014.

8. Monumental was a corporation that did business in Chesterfield, Virginia. Monumental meets the definition of "employer" as defined in the FLSA.

9. Upon information and belief, Transamerica and Monumental use the same federal tax employer ID number and Virginia State Corporation Commission ID number.

10. Upon information and belief, Transamerica and Monumental are the same employer for all relevant purposes of this lawsuit.

11. Transamerica and Monumental are jointly and severally liable.

## Factual Allegations

12. Hayes worked for Defendant for approximately 40 years until her retirement in or around August 2014.

13. At all times relevant, Hayes regularly worked more than 40 hours per week.

2

14. Prior to approximately May 2014, Hayes usually arrived to work at 8:30 a.m. and stayed at work until 7:30 p.m.

15. Beginning in or around May 2014, Hayes's schedule changed. This schedule change required her to come into work at 8:00 a.m.

16. Beginning in or around May 2014, Hayes usually arrived to work at 8:00 a.m. and stayed at work until 7:00 p.m.

17. However, Hayes regularly worked later than her usual ending time. Her office had sales call meetings on Thursday nights. On Thursday night sales call meetings, Hayes usually worked until 10:00 p.m.

18. Hayes was not paid for hours worked over 40 per week.

19. Hayes also sometimes worked through lunch without taking an uninterrupted 30 minute break. Hayes was not paid for this time.

20. Hayes's duties were secretarial and clerical in nature. Her duties included: checking emails and forwarding them to the appropriate representatives; emailing the daily sales report to home office; printing reports for managers; making and receiving phone calls; checking voicemails; faxing paperwork such as applications and claims to home office; setting appointments for sales agents; emailing agents when their policies came in; recruiting, which included posting pre-written advertisements on job recruitment websites, attending job fairs, and pulling resumes from job recruitment websites, screening candidates for minimum job qualifications, which were set by management, and calling recruit candidates to set up interviews with the manager in the district office; ordering supplies; date stamping paperwork; distributing incoming mail; dropping off outgoing mail; filing and keeping track of paperwork; and locking

3

filing cabinets at the end of each day.

21. Pursuant to the FLSA, Defendant is obligated to pay Plaintiff at a time and a half rate for all overtime hours worked. Defendant failed to do so.

22. Defendant did not keep accurate records of Hayes's hours. Hayes generally entered her time at 40 hours per week regardless of whether she actually worked more than 40 hours per week.

23. Hayes feared reprisal from Defendant if she put more than 40 hours per week on her time sheet.

24. Hayes had spoken with another employee of Defendant who put overtime hours on her timesheets and was told by management to remove the overtime hours and only report 40 hours for the week. Upon information and belief, this employee was not paid for her overtime hours despite working, and attempting to report, more than 40 hours worked.

25. However, Defendant and its management knew or had constructive knowledge of the fact that Hayes regularly worked more than 40 hours per week.

26. Hayes's manager regularly saw her at work well past 5:00 p.m., including during Thursday sales call meetings.

27. In one of Hayes's performance evaluations, her manager wrote that she needed to try to get her work completed in an eight hour day. However, he did not instruct her to report her hours accurately if she did work more than eight hours per day.

28. Hayes also regularly sent emails from her work email account past 5:00 p.m.

29. Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude her from being paid one and one-half times her regular rate of pay for all

hours worked in excess of 40 per week.

30. Hayes was paid on an hourly basis.

31. Defendant failed to maintain accurate time records of all hours worked by Hayes.

32. Defendant willfully violated the FLSA by knowingly failing to pay its Agency Coordinator employees overtime. Defendant had knowledge or constructive knowledge that Hayes worked in excess of 40 hours per week, but failed to pay her overtime compensation.

33. Under the FLSA, an employer must compensate employees for all hours suffered or permitted to work.

34. At all relevant times Defendant intended to deprive Plaintiff of the overtime pay she was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

### Representative Action Allegations for FLSA Claims

35. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff. Plaintiff consents to become party plaintiff in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiff's "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

36. Defendant employs, and has employed, multiple persons in the same job functions and/or positions that Plaintiff occupied.

37. These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

38. Defendant compensated, and continues to compensate, Plaintiff and those similarly situated on a uniform compensation basis common to Plaintiff and other persons

performing similar job functions.

39. On information and belief, Defendant's pay, administrative, and supervisory operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiff are subject to common job duties, time-keeping, and payroll practices.

40. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as Plaintiff and are or were subject to the same pay practices, and have been employed within three (3) years of the date of filing of this action.

41. Hayes spoke with at least one other Agency Coordinator in her office who worked more than 40 hours per week without being paid overtime.

42. Hayes spoke with at least one Agency Coordinator from another office who worked more than 40 hours per week without being paid overtime.

43. Plaintiff asserts that Defendant's willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

44. Plaintiff's job duties, and the job duties or those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

45. At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

### **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendant:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

C. pre-judgment and post-judgment interest;

D. an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

E. injunctive relief including but not limited to: an order permanently enjoining Defendant from retaliating against Plaintiff; and an order permanently enjoining Defendant from prospectively violating the FLSA with respect to Plaintiff and the Putative Collective Action Members and similarly situated employees;

F. reasonable attorneys' fees and costs expended in the prosecution of this case;

G. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**TERESA HAYES**
Plaintiff

By: /s/ Philip Dean
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com