# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made by and between Transamerica Premier Life Insurance Company and Monumental Life Insurance Company (collectively "Transamerica") and Teresa Hayes, (referred to throughout this Agreement as "Employee").

WHEREAS, Employee was formerly employed by Transamerica; and

WHEREAS, Employee has made certain allegations about her employment to the effect that Employee's rights under applicable laws were violated including in the lawsuit entitled *Hayes v. Transamerica Premier Life Insurance Company*, United States District Court for the Eastern District of Virginia, Case Number 3:15CV313;

WHEREAS, Transamerica denies liability and any wrongdoing with respect to Employee or her employment;

WHEREAS, Employee agrees and covenants that this Agreement shall be binding on her heirs, executors, administrators, successors and assigns, and that she has not assigned any rights or claims that would be otherwise released in this agreement;

and

WHEREAS, Transamerica and Employee wish to avoid further litigation and fully and finally resolve and settle all claims between them arising out of Employee's employment relationship with Transamerica amicably and expeditiously, including but not limited to any claims arising under applicable federal, state, or local law and public policy;

WHEREAS, this agreement is contingent on obtaining Court approval.

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby

**STIPULATED AND AGREED** of the promises provided for by this Agreement, and other good and valuable consideration and the mutual promises and covenants contained herein, the receipt and sufficiency of which Transamerica and Employee acknowledge, Transamerica and Employee do hereby agree as follows:

1. **Last Day of Employment.** Employee's last day of employment with Transamerica was July 31, 2014 ("Separation Date").

2. **No Admission of Wrongdoing.** By signing this Agreement, neither Transamerica nor Employee admits any wrongdoing, fault, or liability whatsoever, including any wrongful action or violation of any federal, state or local statute or regulation, or common law rights, including those relating to the provisions of any law or statute concerning employment

actions, or other possible or claimed violation of law or rights. Transamerica and Employee agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees (defined below) of wrongdoing or evidence of any liability or unlawful conduct of any kind.

3. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Transamerica agrees to pay to Employee forty-two thousand, five hundred dollars ($42,500), less lawful deductions, within ten business days after **either** receiving two original signed copies of this Agreement, or the Court approves this settlement, whichever is later. However, no payments will be provided until (1) Employee provides fully executed IRS Forms W-4 and W-9 to Transamerica's attorneys, and (2) the Curwood Law Firm provides a fully executed IRS Form W-9 to Transamerica's attorneys. Payments will be made by means of the following checks:

1. Check to Employee in the amount of $11,505.25. In connection with this payment, Transamerica shall issue Employee a W-2 at the appropriate time.

2. Check to Employee in the amount of $11,505.25. This sum shall be reported in box #3 on IRS Form 1099-MISC.

3. A check payable to Curwood Law Firm, PLC in the amount of $19,489.50 for attorneys' fees and costs. This sum shall be reported in box #14 on IRS Form 1099-MISC.

Should the IRS determine that any additional taxes are owed based on the payments set forth in this paragraph 3, Hayes agrees that she will indemnify Transamerica for the employee's share of any tax liability attributable to such payments over and above any amounts that Transamerica had already withheld pursuant to the W-2 portion of the settlement payment.

4. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "3" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

5. **General Release, Claims Not Released and Related Provisions**

    a. **General Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges Transamerica, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their

1

business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims relating to her employment or that arose from the employment relationship that are permitted to be released by law, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- **Title VII of the Civil Rights Act of 1964;**

- **Sections 1981 through 1988 of Title 42 of the United States Code;**

- **The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);**

- **The Immigration Reform and Control Act;**

- **The Americans with Disabilities Act of 1990;**

- **The Age Discrimination in Employment Act of 1967 ("ADEA");**

- **The Worker Adjustment and Retraining Notification Act;**

- **The Fair Credit Reporting Act;**

- **The Family and Medical Leave Act;**

- **The Equal Pay Act;**

- **The Genetic Information Nondiscrimination Act of 2008;**

- **The Virginia Human Rights Act – Va. Code § 2.2-3900 et seq., any regulations thereunder, and any human rights law of any Virginia county or municipality;**

- **Virginia Statutory Provisions Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Va. Code § 65.2-308(A) and (B);**

- **The Virginia Equal Pay Act – Va. Code § 40.1-28.6;**

2

- **The Virginians with Disabilities Act – Va. Code § 51.5-1 et seq.;**
- **Virginia AIDS Testing Law – Va. Code Ann. §32.1-36.1;**
- **Virginia Wage Payment and Hour Laws – Va. Code § 40.1-28.8 et seq.;**
- **Virginia Occupational Safety and Health (VOSH) Law – Va. Code § 401-49.3 et seq.;**
- **Virginia Code § 8.01-40 regarding unauthorized use of name or picture of any person;**
- **Virginia Code § 40.1-27 regarding preventing employment by others of former employee;**
- **Virginia Code § 40.1-28.7:2 regarding protection of crime victims' employment;**
- **Virginia Code § 18.2-465.1 regarding protection of court witnesses' and jurors' employment;**
- **any other federal, state or local law, rule, regulation, or ordinance;**
- **any public policy, contract, tort, or common law; or**
- **any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.**

    b. **Claims Not Released.** Employee is not waiving any rights he/she may have to: (a) his/her own vested accrued employee benefits under the Transamerica health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

    c. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an

3

administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

        **d.**     **Collective/Class Action Waiver.** **Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on an employment related claim in which Transamerica or any other Releasee identified in this Agreement is a party.**

        6.     **Employee's Dismissal of Pending Lawsuit.** As part of the releases and waivers provided for in this Agreement, Employee agrees that within five (5) business days of a fully-executed copy of this agreement, she will cooperate fully with Transamerica and take all necessary actions to secure approval of this Agreement and seek dismissal of *Hayes v. Transamerica Premier Life Insurance Company*, United States District Court for the Eastern District of Virginia, Case Number 3:15CV313. Employee understands and agrees that Transamerica will not release to Employee any checks specified in Paragraph 3 of this Agreement until the Parties have secured the Court's approval of this Settlement Agreement. Employee agrees to direct her attorneys to file a dismissal with prejudice of her lawsuit within five business days following the clearing of the funds of the checks delivered by Transamerica as specified in Paragraph 3 of this Agreement. If the lawsuit is not dismissed with prejudice, it is acknowledged by both Transamerica and Employee that this Agreement is null and void. If this Agreement is rendered null and void by reason of failure to dismiss with prejudice, then Employee will be ineligible to receive any portion of the payment provided for under this Agreement pursuant to Paragraph 3 and all releases set forth herein will be of no force and effect.

        7.     **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Transamerica, except the current lawsuit, *Hayes v. Transamerica Premier Life Insurance Company*, United States District Court for the Eastern District of Virginia, Case Number 3:15CV313.

Employee also affirms that to the best of her knowledge, upon payment of the amounts set forth within this agreement Employee has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee signs this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that to the best of her knowledge, Employee has no

known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Transamerica and will continue to maintain the confidentiality of such information consistent with Transamerica's policies and Employee's agreement(s) with Transamerica and/or common law.

Employee further affirms that to the best of her knowledge, Employee has not been retaliated against for reporting any allegations of wrongdoing by Transamerica or its officers, including any allegations of corporate fraud.

Employee affirms that to the best of her knowledge, all of Transamerica's decisions regarding Employee's pay and benefits through the date of Employee's Separation Date were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

8. **Confidentiality and Return of Property.** Employee agrees not to disclose any information regarding Employee's claims or this settlement that is not available through the documents publicly available related to the current lawsuit, *Hayes v. Transamerica Premier Life Insurance Company*, United States District Court for the Eastern District of Virginia, Case Number 3:15CV313, except to Employee's spouse, tax advisor, and/or any attorney with whom Employee chooses to consult regarding Employee's consideration of this Agreement, or as specifically protected or required by law. Employee specifically agrees that a breach of this provision by Employee's spouse, tax advisor, and/or attorney shall be deemed a breach by Employee. Employee affirms that Employee has not made any disclosure prohibited by this Section prior to signing this Agreement.

Transamerica and Employee agree that nothing in this Agreement is intended to limit or prohibit, or shall be construed as limiting or prohibiting, either Transamerica or Employee from providing information in response to a lawfully issued subpoena or otherwise complying with any legal requirement, or from participating in any investigation if requested to do so by the EEOC or other federal, state or local agency. Employee further agrees that Employee will not provide information or testimony in any court action against Transamerica except pursuant to a lawful subpoena and that Employee will notify Transamerica of any subpoena or informal request to testify in Court that Employee receives within 7 business days after Employee's receipt of such subpoena or informal request.

Transamerica and Employee further agree that the existence and substance of this Agreement also may be disclosed in order to enforce its terms.

Updated May 2015

Employee affirms that Employee has returned all of Transamerica's property, documents (including paper and electronic versions), and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Transamerica's premises and that Transamerica is not in possession of any of Employee's property.

9. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state in which Employee worked at the time of Employee's Separation Date without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding paragraph 3 or the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Transamerica and Employee wherein specific reference is made to this Agreement.

11. **Entire Agreement.** This Agreement sets forth the entire agreement between Transamerica and Employee, and fully supersedes any prior agreements or understandings between Transamerica and Employee. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT.**

**EMPLOYEE MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY EMPLOYEE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JILL HANDLEY AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO JILL HANDLEY OR HIS/HER DESIGNEE, OR MAILED TO JILL HANDLEY AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEE SIGNS THIS AGREEMENT.**

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: *Teresa F. Hayes*
Teresa Hayes

Date: 10-21-15

Transamerica Premier Life Insurance Company
By: *Jill Handley*
Jill Handley
Vice President and Associate General Counsel

Date: Oct. 22, 2015

7